UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA
    Plaintiff

V.       No. 4:17CR00310 RLW

Robert Hill
    Defendant

RECEIVED JUL 09 2020 BY MAIL

## DEFENDANTS RESPONSE TO UNITED STATES OPPOSITION AND UNANSWERED FACTS [Doc(s). 331]

COMES NOW, Robert Hill ("Defendant" or "Mr. Hill") who is proceeding in this cause in propia persona and pursuant to the 5th, 6th, and 8th Amendments of the United States Constitution and pursuant to Title 18 U.S.C. § 3161-3174 and Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding "pro-se, litigants to a lesser standard than those of [trained] attorney(s)") in support of the same Mr Hill asserts the following grounds:

The prosecutor in this case either misreads Mr Hills motion or flat out refuses to answer certain issues and misconstrues others set forth in his former motion. Contrary to the prosecutor's response the Defendant has been oppressively ~~████~~ detained and prejudiced in this case multiple times. The Prosecutor misleads her argument or cites irrelevant case law to support jibberish.

The Due Process Clause of the Fifth Amendment guarantees that "No person shall... be deprived of life, liberty, or property, without due process of law." U.S. Constitution Amendment V. This guarantee protects individuals from two types of government action. United States v. Salerno, 481 U.S. 739, 747, 107 S.Ct. 2095, 95 L.Ed. 2d 697 (1987). Substantive due process prevents the government from engaging in conduct that shocks the conscience or that interferes with "rights implicit in the concept of ordered liberty." Procedural due process insures that any government action that deprives a person of life, liberty, or property is implemented in a fair manner. Procedural due process is the "opportunity to be heard at a meaningful time and in a meaningful manner. Mattews v. Eldridge, 424 U.S. 319, 334, 96 S.Ct. 893, 47 L. Ed. 2d 18 (1976). Due Process is not a technical conception, nor a fixed rule, unrelated to time, place, and circumstances. Rather, "due process is flexible and calls for such procedural protections as the particular situation demands." Three distinct factors speak to the amount of process due in a particular situation: 1) the private interest that will be affected by the official action; 2) the risk of an erroneous deprivation of that interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and 3) the government's interest, including the burdens that

any additional or substitute procedural requirements would entail. (at 334-35, 96 S.Ct. 893). Mr Hill's liberty pending trial is the private interest at issue, and that interest is significant. (See Salerno, 481 U.S. at 750, 107 S.Ct. 2095) ("We do not minimize the importance and fundamental nature of" the individual's right to liberty.) This proves that the prosecutor is either mislead or flat out refuses to acknowledge the provisions set out by the United States Constitution. Two provisions of the United States Constitution gaurd criminal defendants against unreasonable pre trial delay. First the Sixth Amendment provides a right to speedy trial in all criminal prosecutions, a protection that attaches to the earlier of arrest or indictment. (See United States v. Sprouts, 282 F.3d 1037, 1042 (8th Cir. 2002). Sixth Amendment speedy trial issues are analyzed using the four-factor balancing test established in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed. 2d 101 (1972. This test requires the court to consider the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. (Sprouts, 282 F.3d at 1042). Second while statues of limitations provide the primary guarantee against delay prior to indictment or arrest, the due process clause of the fifth Amendment does play a limited role in protecting against oppresive delay. (See: United States v. Brockman, 183 F.3d 891, 895 (8th Cir. 1999). The

Supreme Court has recognized that "the interests of the suspect and society are better served if, <u>absent bad faith or extreme prejudice to the defendant</u>, the prosecutor is allowed sufficient time to weigh and sift evidence to ensure that an indictment is well founded. (see: United States v. Eight Thousand Eight Hundred and Fifty Dollars ($8,850), 461 U.S. 555, 563, 103 S. Ct. 2005, 76 L. Ed. 2d 143 (1983). As a result, a defendant must overcome a high hurdle when contending that a pre-indictment delay that does not violate the <u>statue of limitations</u> is violative of the due process clause. In this instant cause Mr. Hill has jumped this hurdle exceedingly. Mr. Hill has showed that the prosecutor violated the statue of limitations (See: Motion For Dismissal And Motion For Violation Of Speedy Trial And Objection To Trial Continuance; Page 4) in which Mr. Hill was arrested on May 6th, 2015 by TFO Brandon McKinnon and Jason Bromwich with DEA Group 28 (FIG). Again Mr. Hill wasn't indicted until July 29th 2017. (See also 18 U.S.C. § 3161(b).) The Supreme Court has developed a test (see: Barker v. Wingo) to determine when Government delay has abridged the right to speedy trial. The Barker test involves a weighing of four factors: length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. (at 563-64, 103 S.Ct. 2005).

On June 10, 2020 Mr. Hill moved to dismiss the Superseding indictment pursuant to the Speedy Trial Act. Mr. Hill noted that unless the continuance(s) granted by the court was excludable, the trial had not commenced within the 70 days required by the Act. Citing Zedner, and Bloate, Mr. Hill further noted a district court may grant a continuance only when the "ends of justice" support the continuance. (See § 3161 (h)(7)(A).) To do so, this court must consider certain factors, such as whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i); whether due to the nature of the case (or other factors), complexity issues § 3161 (h)(7)(B)(ii); or whether a refusal to continue the case would deny the defendant "reasonable time to obtain counsel," or would unreasonably deny either party time for "effective preparation" (see § 3161(h)(7)(B)(iv). After considering these factors the district court is REQUIRED to "set forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of a continuance outweigh the best interests of the public and the defendant in a speedy trial § 3161 (h)(7)(A). Considering this provision, the Supreme Court found in Zedner that "the Act requires express findings," and "without on-the-record findings, there can be no exclusion" of time past the 70-day requirement because the Speedy Trial Act, with "procedural strictness,"

"demands on-the-record [ends-of-justice] findings." (See Zedner 547 U.S. at 506-07, 509, 126 S.Ct. at 1989, 1990.) Moreover, a defendants' agreement to waive the protections of the Act cannot, by itself, justify an ends-of-justice continuance because the public interest(s) in a speedy trial is also protected by the Act. (See id. at 500-01, 126 S.Ct. at 1985)(finding that a defendant cannot simply waive or "opt out of the Act"); United States v. Mathurin, 690 F.3d 1236, 1242 (11th Cir. 2012) The best interests of the parties - and even those of the court - cannot alone justify deviation from the Act's requirements, absent the determination that those interests outweigh the public interest. "The Act was designed with the public interest firmly in mind," and "there are many cases... in which the prosecution, the defense, and the court would all be happy to opt out of the Act, to the detriment of the public interest." (See: Zedner 547 U.S. at 501-02, 126 S.Ct. at 1985-86. Accordingly Mr. Hill asserted these factual findings in his former motion and anyone with reasonable understanding can confirm that there is no way around these detrimental issues. Zedner held that agreement by the parties cannot be the only basis for granting a continuance. The same goes for disagreement or any other stultifying arguement

the prosecutor will try and overshadow a common fact with; The defendant in this cause was ultimately prejudiced, violated and oppressed. A finding that a continuance is justified because the parties agreed, aquiesed, misunderstood, didn't object to, or any other misleading excuse, is not a proper ends of justice finding. The district court MUST make "on the record findings that the ends of justice served by granting the continuance outweigh" the defendant's and the public's interests in a speedy trial (See id. at 498-99, 126 S.Ct. at 1984.) A criminal defendants right to a speedy trial is "one of the most basic rights preserved by our constitution." Klopfer v. North Carolina, 386 U.S. 213, 226, 87 S.Ct. 988, 995, 18 L.Ed. 2d 1 (1967). Congress chose to safegaurd this important right through the rigid procedural requirements of the Speedy Trial Act. Those requirements were not met in this case, and Mr. Hill asserted in his last motion these relevant facts to which the prosecutor plainly ignores or tries to cover up with non public caselaw or caselaw which isn't relevant to this case. Therefore this case should be dismissed, for the following reasons: 1) Mr. Hills defense was prejudiced. Mr. Hill's witnesses have had numbers to contact them changed or they don't work any more and during the span of 3 years some of them have different addresses. This plays a detrimental role in his defense

to discredit a fabricated drug ledger produced by the prosecutor knowingly. Which ultimately results in a loss of exculpatory evidence. 2.) Mr. Hill has been oppressively detained in which certain requirements were NOT met to detain him pending trial. (This will be addressed in a motion as well.) 3.) There were no affidavits produced in this case for the alleged confidential informants. 4.) No witnesses were present for any court date in this matter. 5.) No affidavits were produced for alleged co-conspirators in this cause. The Supreme Court clearly states "a defendant has no duty to bring himself to trial" and the act may NOT be waived by a defendant's inaction. (See Barker v. Wingo, 407 U.S. 514, 525, 92 S.Ct. 2182, 33 L.Ed. 2d 101 (1972). The Speedy Trial Clock began running in this case on July 27 2017, following the return of the initial indictment against defendant and his co-conspirators, which enlarged a fabricated conspiracy. The Court never brought the parties together to discuss a scheduling of a trial date. Defendant moved for severance and was denied, in an attempt to be tried in a seperate trial by himself. The Court must recognize that Mr. Hill moved to seek a severance was an implicit disagreement to the neccisity of the delay for the purpose of pre-trial motion preparation. The prosecutors allegations in her response ultimately has no merit at all or she misunderstands the process and case law she cites. In the Sixth Amendment context, a

three year delay is presumptively prejudicial; however, this isn't the only factor. The prosecutor then cites Von Feldt V. United States (Document #331, page 12) "In considering a claimed violation of the Sixth Amendment.... the right of a speedy trial is neccessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant." (citing Beavers v. Haubert, 198 U.S. 77, 87, 25 S.Ct. 573, 576, 49 L.Ed. 950 (1905).) Which she either misreads or flat out refuse to include the totality of the findings. "This guarantee is an important safegaurd to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that <u>long delay</u> will impair the ability of an accused to defend himself. (Beavers v. Haubert, 198 U.S. 77, 25 S.Ct. 573, 49 L.Ed. 950) Whether delay in completing a prosecution amounts to an unconstitutional deprivation of rights depends upon the circumstances. The delay <u>must</u> not be purposeful or oppresive (See Pollard v. United States, 352 U.S. 354, 361, 77 S.Ct. 481, 486, 1 L.Ed. 2d 393.) Von Feldt also involved investigations from several different states by multiple co-defendants which the court found that the delay wasn't arbitrary, oppresive or vexatious. This case <u>Is Not</u> relevant to Mr. Hills case nor does it point to any allegation the prosecutor is trying to unrationally prove. The prosecutor then cites United States v. Erenas-Luna by stating " the reasons for the delay and evaluates 'whether

the government or the criminal defendant is more to blame." She doesn't cite the rest of the paragraph. "We accord "different weights ... to different reasons." (Vermont v. Brillon U.S. 129 S.Ct. 1283, 1290, L.Ed. 2d (2009). We weigh the previous stated factors in the eyes of the court and common sense shows prejudice and oppresiveness is ultimately demonstrated in this cause. Due note for the record these cases were decided before Zedner and the cases that were wieghed against the defendants were decided on the factor of the defendents flight from justice or apprehension upon fleeing and share no relevancy in Mr. Hills case. Then the prosecutor desperately cites a non-public case (United States v. Gatling) "weighing heavily against defendant where defendant's request for continuance excerbated later delays" (which quoted another case which isn't relevant to this cause.) Mallet, 751 F.3d 907; Mallet entered a plea and then changed his plea and moving for various continuances he delayed his trial for twenty weeks. Mr. Hill has address his speedy trial rights in a Motion to Compel and Letter of Rogatory before in which his codefendant Allen never attempted to protect his speedy trial rights. This case isn't relevant to the defendant's in this cause. Next the prosecutor cites United States v. Claxton in which she states that the case's "complexity or the defendants actions do not weigh against the government at all." Due not for the record that the defendant was denied severance and he was superseded on a indictment in which he has

no co-defendants and the complexity issue is NOT even relevant on the superseding indictment, yet even if it were relevant, complexity is an order issued from the judge and not a mere frivolous motion issued by the prosecutor and complexity is a matter that must be presented to the grand jury in which the grand jury must base its determination are unusual or complex. (see 18 U.S.C. §3161 (7)(B)(iii)). The prosecutor then moved for 90 more days to delay trial in her aquiesence of not objecting to counsel said motion for continuance September 6, 2017. However Claxton cites plainly "any inquiry into a speedy trial claim necessitates a functional analysis of the right in the particular context of the case." (quoting Barker 522, 92 S. Ct. 2182). Prosecutor Becker then goes on to cite other cases which have no relevance (Cain) Delay in this case was considerably shorter than the others and the complexity issues were different by the large number of allegations, racketeering charges and the parrallel state and federal charges, have no relevancy. (Hall) remains to be a "Neutral" factor because of a mistrial and the prosecution was complicated due to multiple parties in atleast two or more jurisdictions; also has no relevancy. These cases do not explain the one FACT in this cause, Mr. Hill has been violated by oppressed detainment, from oppressive pretrial incarceration, anxiety and concern of the accused, and his defense has been impaired by loss of exculpatory evidence and altered memories. (See:

Doggett v. United States, 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed. 2d 520 (1992). (Summage) The parties did not dispute that the district court appropiately dismissed the indictment under the Speedy Trial Act in which the delay in this case was NOT justified. This case only deals with the issue of dismissing an indictment with or without prejudice. However Summage did nothing to inform the court (district) and made no effort to seek immediate trial, Summage failed to establish that he suffered any prejudice from delay, and he didn't promptly assert his right to speedy trial in which he brought his Speedy Trial Violations up at trial. No relevancy is explained by the prosecutor. Futhermore Zedner shows in plain understanding in which anyone with common sense can comprehend; Defendant Hill did not have to oppose or object and he cannot aquiese or consent to a motion that sets the case beyond the speedy trial strictures as a result of complexity as explained by a either confused or misled prosecutor Becker. In which she tries to explain that second, third, and fourth factors of overwhemingly against dismissal holds no signifigant basis. Also there is no signifigant caselaw to support this jibberish mentioned. Barker states there is only one factor that weighs against all the others and that is the fourth, "prejudice to the defendants defense." Therefore prompt disposition of a criminal is the reason congress enacted the Speedy Trial Act (See: United States v. Taylor, 487 U.S. 326, 108 S.Ct. 2413, 101 L.Ed. 2d 297 (1988).

# CONCLUSION

The prosecutor can make many false allegations and excuses however the fact remains that Mr. Hill has had multiple constitutional rights violated. Prosecutor Becker further states that a reason for delay was that standby counsel told her that it was the defendant's wishes to do so however "Standby counsel cannot speak for defendant or file motions on his behalf, he is only available for advise or explaining an unknown procedure. (See: Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525 (1975)). The prosecutor even goes on to state on page nine, that a delay applicable to one defendant is applicable to all defendants" (United States v. Gomez-Cortes) meaning defendants should be tried together, yet she doesn't adress the issue of severance and how the ruling to dismiss defendant Atkins indictment didn't reflect on Mr. Hill! If a delay would affect Mr. Hill in this cause because of the motions of co-defendant then common sense would say plainly shouldn't a dismissal be treated the same accordingly? If Mr. Hill couldn't adopt Defendant Atkins motions then how could Mr. Hill adopt Mr. Atkins tolling? This is plainly understood that the prosecutor manipulates the courts rules or adresses case law only when it is in her favor and twist words to meet only her stultifying arguments. In fact Mr. Hill hasn't been present to any proceedings with his co-defendants nor has he had a trial set with one.

Mr. Hill provided evidence according to Federal statues regarding being a felon in which the prosecutor didn't address. The prosecutor also mentioned that cocaine was added to the indictment, but failed to mention that the cocaine was added by changing the body of the indictment with no new discovery or evidence in which she substantiates these facts at Mr. Hills arraignment on the superseded indictment. Even more confusing is that the prosecutor attempts to discern that defendants current motion for dismissal is due to the finding of the Court for COVID-19. This is far from the truth! (See Motion to Dismiss page #2 - (6)) Explaining 2 years and 10 months have elapsed which isn't excluded under the Speedy Trial Act. Which further shows the prosecutors misunderstanding or flat out manipulation. Prosecutor Becker again fabricates that Hill is referring to pre-trial motions in which Mr. Hill concedes that the filing of pre-trial motions tolls the clock and not the preparation. Prosecutor Becker never addressed the issues of the dates that were changed to meet her favor and more fabricated evidence proclaimed. Prosecutor Becker further alleges the case was complex yet it wasn't classified as complex when it was presented to the grand jury. The government is to be prepared for that presentment when an indictment is filed unless the indictment is sealed. Mr. Hill was superseded 2 years later, which meant this cause was no longer complex, and Mr. Hill is the only

defendant on the indictment. Since being superseded there are over 140 non excludable days that have elapsed since then. This excludes the days in which counsel Williams asked for continuances to prepare pre-trial motions which are non excludable (See United States v. Bloate).

WHEREFORE, based upon all of the foregoing facts and authorities and interests of justice, Mr. Hill respectfully submits and urges this Honorable Court to dismiss the current allegations with prejudice due to 8th, and 10th, 5th and 6th Amendment violations of the United States Constitution. Furthermore Mr. Hill also request the Honorable Court to grant any other relief for which he is and or may be entitled to as a matter of law.

Respectfully Submitted
Robert Hill

x Robert X. Hill
Pro Se U.C.C.-1-308



# PRIORITY
## ★ MAIL ★
# EXPRESS™

OUR FASTEST SERVICE IN THE U.S.

WHEN USED INTERNATIONALLY, A CUSTOMS DECLARATION LABEL MAY BE REQUIRED.



EP13F July 2013  OD: 12.5 x 9.5



PS10001000006

---



**UNITED STATES POSTAL SERVICE®** | **PRIORITY MAIL EXPRESS®**

**CUSTOMER USE ONLY**

**FROM:** (PLEASE PRINT) PHONE ( )

Robert Hill
Crawford Co Jail
212 3rd St
Steelville MO 65565

RECEIVED
JUL 09 2020
BY MAIL

**DELIVERY OPTIONS** (Customer Use Only)

☐ SIGNATURE REQUIRED Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

**Delivery Options**
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
☐ 10:30 AM Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

**TO:** (PLEASE PRINT) PHONE ( )

United States Dist Court
Office of Court Clerk
Eastren District of MO
111 S. 10th St
St. Louis, MO

ZIP + 4® (U.S. ADDRESSES ONLY)
6 3 1 0 2 -

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 Insurance Included.

**PEEL FROM THIS CORNER**

---



1007   63102   $26.35
R2304M114037-09

EJ 342 459 665 US

**PAYMENT BY ACCOUNT** (if applicable)
USPS® Corporate Acct. No. | Federal Agency Acct. No. or Postal Service™ Acct. No.

**ORIGIN (POSTAL SERVICE USE ONLY)**

☐ 1-Day   ☑ 2-Day   ☐ Military   ☐ DPO

| PO ZIP Code | Scheduled Delivery Date (MM/DD/YY) | Postage |
|---|---|---|
| 65565 | 07/09/20 | $26.35 |

| Date Accepted (MM/DD/YY) | Scheduled Delivery Time | Insurance Fee | COD Fee |
|---|---|---|---|
| 7/7/20 | ☐ 10:30 AM ☐ 3:00 PM ☑ 12 NOON | $ | $ |

| Time Accepted | 10:30 AM Delivery Fee | Return Receipt Fee | Live Animal Transportation Fee |
|---|---|---|---|
| 2:53 ☐AM ☑PM | $ | $ | $ |

| Special Handling/Fragile | Sunday/Holiday Premium Fee | Total Postage & Fees |
|---|---|---|
| $ | $ | |

| Weight | ☑ Flat Rate | Acceptance Employee Initials |
|---|---|---|
| lbs. ozs. | | $26.35 |

**DELIVERY (POSTAL SERVICE USE ONLY)**

| Delivery Attempt (MM/DD/YY) | Time | Employee Signature |
|---|---|---|
| | ☐AM ☐PM | |
| Delivery Attempt (MM/DD/YY) | Time | Employee Signature |
| | ☐AM ☐PM | |

LABEL 11-B, MARCH 2019   PSN 7690-02-000-9996

---

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE

  

**UNITED STATES POSTAL SERVICE®**