## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CR-310 RLW |
| | ) | |
| ROBERT HILL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on a Notice of Interlocutory Appeal Pursuant to 28 U.S.C. § 1291 filed by self-represented Defendant Robert Hill (ECF No. 379) (the "Notice"). The Notice states that Hill appeals this Court's Orders "denying [Hill's] Double Jeopardy, Speedy Trial, and Title III violations." (Id. at 1.) This case is set for trial on Tuesday, September 8, 2020.

"Title 28 U.S.C. § 1291 (1981) provides for appeal only 'from all final decisions of the district courts.' This statute and its judicial application reflect a strong policy against interlocutory or 'piecemeal' appeals. This policy is particularly strong in criminal prosecutions." United States v. Grabinski, 674 F.2d 677, 678 (8th Cir. 1982) (en banc) (per curiam). "(T)he delays and disruption attendant upon intermediate appeal are especially inimical to the effective and fair administration of the criminal law." Id. (quoting DiBella v. United States, 369 U.S. 121, 126 (1962)). Nonetheless, the statute's final judgment rule is subject to a "collateral order" exception set forth in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 545-47 (1949). Grabinski, 674 F.2d at 679.

Interlocutory appeals during a criminal prosecution have been limited to three narrow classes of cases: denial of a motion to dismiss based on the Double Jeopardy Clause, see Abney

v. United States, 431 U.S. 651, 659 (1977), requiring the posting of excessive bail, see Stack v. Boyle, 342 U.S. 1, 6 (1951), and violations of the Speech or Debate Clause, see Helstoski v. Meanor, 442 U.S. 500, 508 (1979).  Grabinski, 674 F.2d at 679.

In the Eighth Circuit, "[A] district court's order denying a defendant's motion to dismiss on double jeopardy grounds is a 'final decision' and appealable under 28 U.S.C. § 1291." United States v. Kress, 58 F.3d 370, 373 (8th Cir. 1995) (quoting Abney, 431 U.S. 651 (1977)).  This is limited, however, to instances where the motion to dismiss on double jeopardy grounds makes a "colorable claim.'"   United States v. Ivory, 29 F.3d 1307, 1310 (8th Cir. 1994) (quoting Grabinski, 674 F.2d at 678).  "A colorable claim requires a showing of previous jeopardy and the threat of repeated jeopardy."   United States v. Abboud, 273 F.3d 763, 766 (8th Cir. 2001); Grabinski, 674 F.2d at 679.  "When a district court denies a motion to dismiss based on violation of the double jeopardy clause, the district court is required to make a written finding of whether the motion is frivolous or nonfrivolous."  Ivory, id. (citing Grabinski, 674 F.2d at 678).  If the motion to dismiss was frivolous, "the filing of a notice of appeal does not divest the district court of jurisdiction[.]"  Id.

On September 20, 2019, while Defendant Hill was represented by appointed counsel, he filed a pro se document titled "Constructive notice of past abatement-in-fact in accordance with Article IX of and for the federal bill of rights using special appearance only in order for preserving Article IX (billed) rights 'to and of': 1) Challenging the jurisdiction that does not exists [sic] 2) Challenging the jurisdiction of this court to enter this 'cause of action' and 3) Challenging the jurisdiction of those purporting to work for the government to bring this 'action'."  (ECF No. 251.)

This document was docketed as a pro se motion to dismiss the indictment.  It consists primarily of disjointed quotations from statutes and cases without any discussion to tie them into

the facts and issues of this case.  Defendant Hill appeared to argue the Court lacks jurisdiction over him based on claimed defects in the superseding indictment filed by the government.  (ECF No. 251 at 3.)  The final sentence on page three states, "The government is in violation of the Double Jeopardy Clause."  The Court liberally interprets this isolated and conclusory statement as an argument that the government violated Defendant's rights guaranteed by the Double Jeopardy Clause when it filed the superseding indictment.

The Magistrate Judge the case was assigned to for pretrial proceedings issued an Order (ECF No. 253) denying the pro se motion to dismiss the indictment without prejudice, on the basis that "Defendant is represented by counsel in this matter and '[t]here is no constitutional or statutory right to simultaneously proceed pro se and with benefit of counsel.'"  Id. at 1 (quoting United States v. Agofsky, 20 F.3d 866, 72 (8th Cir. 1994); citing 28 U.S.C. § 1654)).  The Order did not address the merits of any aspect of the pro se motion, and stated it was denied "without prejudice subject to refiling through counsel."  (ECF No. 253 at 1.)

Defendant Hill did not refile a motion to dismiss the indictment based on double jeopardy grounds either through counsel or pro se when he later became self-represented.  The Court has not addressed the merits of a motion to dismiss the indictment based on double jeopardy grounds in this matter.  To the extent Defendant Hill moved to dismiss on the basis that the government's filing of the superseding indictment violated his rights under the Double Jeopardy Clause, the Court finds the motion was frivolous.[1]

Where a superseding indictment is filed prior to trial, as in this case, there can be no double jeopardy violation because jeopardy has not yet attached.  "The protections afforded by the [Double Jeopardy] Clause are implicated only when the accused has actually been placed in

---

[1]Even if Defendant's double jeopardy argument was based on something other than the government's filing of the superseding indictment it was frivolous because, as discussed below, jeopardy has not yet attached.

jeopardy.  Serfass v. United States, 420 U.S. 377 (1975).  This state of jeopardy attaches when a jury is empaneled and sworn, or, in a bench trial, when the judge begins to receive evidence. Illinois v. Somerville, 410 U.S. 458, 471 (1973)."  United States v. Martin Linen Supply Co., 430 U.S. 564, 569 (1977).  See also United States v. Curry, 3328 F.3d 970, 972 (8th Cir. 2003) (jeopardy attached when the jury was impaneled and sworn).  Thus, Defendant Hill will not be placed in jeopardy in this case until the jury is impaneled and sworn.

As for Defendant's other grounds for interlocutory appeal, the Court's denial (ECF No. 352) of Defendant's Motion to Dismiss based on the Speedy Trial Act (ECF No. 322) is not an appealable collateral order.  Grabinski, 674 F.2d at 680.  Similarly, the Court's denial (ECF No. 318) of Defendant's "Motion to Suppress Any and All Evidence Obtained and Derived from 'Facially Insufficient Title III Warrant'" (ECF No. 288) is not an appealable collateral order. See United States v. Miller, 14 F.3d 761, 764-65 (2d Cir. 1994); see also Carroll v. United States, 354 U.S. 394, 404-05 (1957) (post-indictment orders granting or denying suppression of evidence procured through unlawful search and seizure are not immediately appealable).

Because Defendant Hill's motion to dismiss based on double jeopardy grounds was legally frivolous and did not present a "colorable claim," and his other grounds for interlocutory appeal do not concern appealable collateral orders, the Court concludes that Defendant's Notice of Interlocutory Appeal Pursuant to 28 U.S.C. § 1291 does not deprive it of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that trial of this matter shall proceed as scheduled on Tuesday, September 8, 2020.


**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 8th day of September, 2020.

4