RECEIVED
SEP 1 0 2020
U.S. District Court
Eastern District of MO

UNITED STATES DISTRICT COURT
EASTERN DISTRICT FOR MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA

        Plaintiff,

V.

ROBERT HILL a/k/a/ "Robbie"

        Defendant,

## EMERGENCY MOTION TO STAY TRIAL PROCEEDINGS PENDING APPEAL

**COME NOW,** Robert Keith Hill *IN PROPIA PERSONA* and pursuant to HAINES V. KERNER, 404 U.S. 519 (1972) (holding Pro-Se litigants to less stringent to those applied to attorneys) in the above styled cause of action moves this Court Appeals to order a stay in these trial proceedings pending this Court ruling on the merits of Defendant Hill. The Appellant/ Defendant states the following in support:

1. That on and about July 12, 2017, the Appellant was indicted in a "CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE HEROIN AND MARIJUANA" (See original indictment 4:17-CR-310 RLW/SPM) pursuant to title 21 U.S.C. 846, in violation of title 21 U.S.C. 841 (a)(1) in which the Appellant/Defendant has been incarcerated since indictment and is subject to a (10) ten year Minimum Mandatory sentence in the Federal Bureau of Prison.

2. The Appellant states that before the commencement of trial this allege conspiracy, the Appellant raised and filed numerous Sixth Amendment Violations pursuant to the Speedy Trial Act of 1974 in which the Government had failed to prosecute the case in chief as required by the United States Constitution, Treaties and Laws of the United States.

3. The Appellant states that prior to the indictment, the government applied for and was granted Title III wiretap authorizations, however, the Appellant states that these wiretaps were in fact obtained in violation of The Title III WIRETAP ACT.

4. The Government seize all the appellants assets and refuse to relinquish said assets for Mr. Hill to retain competent counsel, and by the way, Mr. Hill had previously retained counsel on the record. Whereby the Government actions, Mr. Hill was forced into representing himself in these matters, where as Mr. Hill is unlearned in the rule of law. The District Court refused to give Mr. Hill a Post Evidentiary Hearing, in which this violated the Appellant Due Process 5th and 6th Amendment rights (see) United States v. Monsanto, S. Ct. (1989) (citations omitted)

5. The Appellant raised numerous Batson v. Kentucky challenges in his voire dire, but the District Court only denied all the Appellant objections. Moreover, the Appellant can never receive a true and correct Petit-Jury of his Peers do to the COVID 19 Pandemic. The Public is lockdown primarily and the Black community in which is Mr. Hill's ethnicity is by far mostly dying of this this unseeable, unidentifiable disease. The empaneled Jury that was selected in the Appellant's trial clearly show that this is a jury of the Appellant Peers.

6. The Appellant states that the Government has carved up this allege conspiracy into numerous conspiracies. Whereby, the government has violated the res judicata and collateral estoppels doctrines.

**THE APPELLANT CLAIMS THAT THE SUSTANTIAL QUESTION OF LAW OR FACT IS MOST LIKELY TO BE DECIDED IN HIS FAVOR OR COULD BE DECIDED EITHER WAY**

The right to a speedy and public trial has both constitutional and statutory underpinnings. Federal statutes of limitation and the Due process Clause which protects the Appellant's rights against intentional and prejudicial preaccusation delay in which specifies time limits between arrest, indictment and trial, and permissible delays within each period. **The Amendment VI [1791]** of the United States Constitution, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district where the crime shall have been committed." The Court also pursuant to **FEDERAL RULES OF CRIMINAL PROCEDURE RULE 50 recognizes pursuant PROMPT DISPOSITION** that ". . . Proposal for dealing with the problem of delay have also been made by the President's Commision on Law Enforcement and Administration of Justice, Task Force Report: "The Courts (1967) especially pp. 84 to 90, and by the American Bar

Association Project on Standards for Criminal Justice, Standards Relating to Speedy Trial (Approved Draft , 1968). Both recommend specific time limits for each stage in the criminal process as the most effective way of achieving prompt disposition of criminal cases. See also Note, Nevada's 1967 Criminal Procedure Law from Arrest to Trial:  One State's Response to widely Recognized Need, 1969 Utah L. Rev. 520, 542 n. 114."

"....Historically, the right to a speedy trial has been thought of as a protection for the defendant. Delay can cause hardship to a defendant who is in custody awaiting trial.  Even if afforded the opportunity for pretrial release, a defendant nonetheless is likely to suffer anxiety during a period of unwanted delay, and he runs the risk that his memory and those of his witnesses may suffer as time goes on..."

The Appellant states that the United States District Court found out during trial on September 9, 2020,  that memory of agents and witnesses that are pertinent to this case has lapsed when an agent testified that "he does not recall, its been 7 years since this investigation." The Appellant has suffered the loss of witnesses, during the long period from (2017 to 2020) in which was due to unwanted delays. In which, some witnesses that were pertinent to the Appellant's defense has died and some could not be contacted because of moving from the area or other relocations that being unknown to the Appellant/ Mr. Hill.

The UNITED STATES DISTRICT COURT on and about the 8 day of September, 2020, denied Appellant's Motion to Dismiss the indictment against Appellant, because of unwanted delays which violated the Appellant Sixth Amendment rights to speedy trial and in violation of the Speedy Trial Act of 1974.  Moreover, Mr. Hill submits and objected to the voire dire process in which Mr. Hill could never receive a fair and public trial due to COVID 19 in which the public is closed down and most African Americans are afraid to leave their sanctity and safety of their homes in order to fight an invisible killer virus. Mr. Hill submits that he has been put at great risk by being forced into a setting whereby he does not know whom a carrier of the virus is or is not, this has caused great anxiety and concerns for Mr. Hill and his family, especially for his mother whom just underwent a mastectomy for stage 4 breast cancer on August 30, 2020 and who in fact was to needed to testify on Mr. Hill's behalf in his trial.

Due to COVID 19 the witness has been warned by doctors to stay out of the public domain and remain in the safety of her home during this pandemic at hand. The Appellant is more than sure that

Ms. Cassandra Sheppard is not the only person or potential witnesses that has received this advice from doctors and local authorities.

### TITLE III VIOALTIONS

The UNITED STATES DISTRICT COURT denied the Appellant Due Process when it denied the Appellant the right to challenge Title III wiretaps in Mr. Hill's case. Title III is absolutely clear please see United States v. Chavez, 416 U.S. 562, 575 (1974); accord United States v. Donovan, 429 U.S. 413, 432 (1977); United States v. Giordano, 416 U.S. 505, 525 n. 14 (1974). The Court denied the appellant Due Process by refusing his challenges of the Title III. Giordano, 416 U.S. at 526; see also D. Ginsberg & Sons v. Popkin, 285 U.S. 204, 208, (1932) (It is a "Cardinal Rule that, if possible, effect shall be given to every clause and part of a statute." The District Court did not follow the Cardinal Rule in the Appellant's case, in fact, the District Court seems to be totally oblivion to 18 U.S.C. 2518. See Exhibit A1, Doc.# 36 filed 08/16/17 page 2 of 3 Page ID #: 121 sec paragraph; "On August 2, 2017, the U.S. Probation Office was notified by Assistant U.S. Attorney, Tiffany Becker, the Grand Jury indictment was based on Court-Authorized wiretap calls. According to the investigation, Akins was distributor for Robert Hill (co-defendant) and distributed multi-ounce quantities of heroin as reflected by the calls and in a drug ledger seized from Hill." The Government based their case in chief on wiretaps to the Grand Jury to procure an indictment against the Appellant, but then the Appellant was denied challenging the Title III Authorization.

### DENIAL OF POST EVIDENTIARY HEARING

The UNITED STATES DISTRICT COURT denied the Appellant a Post Evidentiary Hearing on seized assets that were to be used to retain competent counsel in these court proceedings. The Court has violated the Due Process Rights of the Appellant according to **21 U.S.C. 853 (a) PROPERTY SUBJECT TO CRIMINAL FORFEITURE;** " Any person convicted of a violation of this subchapter or subchapter II punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provisions of state law. **18 U.S.C. 1963 (e)** "Upon conviction of a person under this section, the court shall enter a judgment of forfeiture of the property to the United States and shall also authorize the Attorney General to seize all property ordered forfeited"

To the contrary, the Appellant has never been convicted, but his assets were yet forfeited in this case.  See United States v. Monsanto, S.Ct. (1989); United States v. E. GOLD, D.C. Cir (2008); Monsantos held:

1. There is no exemption from 853's forfeiture or pretrial restraining order provisions for assets that a defendant wishes to use to retain an attorney Pp. 606-614.

(a) Section 853's language is plain and unambiguous. Congress could not have chosen stronger words to express its intent that forfeiture be mandatory than 853 (a)'s language that upon conviction of a person "shall forfeit... any property" and that the sentencing court "shall order" a forfeiture. Likewise, the statute provides a broad definition of property which does not even hint at attorney's fees are not included. The Appellant has been forced to represent himself in trial due to the District Court forfeited his assets. When Appellant raised this issue, he was vehemently denied his assets to retain competent counsel. Whereby, this violated the Appellant's Due Process 5th Amendment Right as well as the Appellant's 6th Amendment Right to a fair trial. The Appellant is certainly unlearned in Law and trial is overwhelming to the Appellant at this junction.

### CARVING OF THE CONSPIRACY

The UNITED STATES COURT has allowed the Government to essentially carve up this allege conspiracy into multiple conspiracies. The Government initially indicted Gabino Aguirre, Faustino Benitez-Lopez, Gustavo Benitez-Beltran, Eduardo Ramirez, on November 2, 2016. The Government then indicted Robert Hill, Jorge Peralta, Jesse Akins, Sidney Mason, Demond Williams on July 12, 2017. Next the Government Superseded Mr. Robert Hill, Gabino Aguirre, Faustino Benitez-Lopez, Gustavo Benitez-Beltran, Eduardo Ramirez, Sidney Mason, and Demond Williams, on

July 18, 2019.

The Government charges the same conspiracy in all indictments. This is totally prejudicial to the Appellant. See United States v. Kotteakos, 328 U.S. 750 (1946) "Each defendant in this case had a substantial right within the meaning of Section 269 not to tried *en masse* for a conglomeration of distinct and separate offenses committed by others. P. 328 U.S. 775. The dangers of transference of guilt from one to another across the line separating conspiracies, subconsciously or otherwise, are so great that no one can say prejudice to substantial right has not taken place. Section 269 was not intended to go so far. To be absolutely sure of the Governments' carving of the conspiracy, (see) **Exhibit E, Authorization for interception Order Application Case: 4:16-mc-00255-CEJ\*SEALED\* Doc.# 21 Filed: 07-21-16** name co-conspirators in all three indictments are listed in this Authorization for Interception Order Application from Leslie R. Caldwell Assistant Attorney General Criminal Division. See also, **Exhibit F Pgs. 1-4 SEALING ORDER,** in this order the Government makes

all the target subjects known to be conspiring together in this allege conspiracy. The Government is also violating the res judicata and collateral estoppel doctrines by retrying the same evidence that has been previously litigated in other trial proceedings. The appellant states base on the facts that the Appellant has presented to this Honorable Court and do to the Due Process, Speedy Trial, Title III, violations and the lack of facts from the UNITED STATES DISTRICT COURT failing to a statement reasons pursuant to Title 18 U.S.C. 2518, this U.S. Court of Appeals should find that an **EMERGENCY STAY ORDER** in these trial proceedings is warranted.

**WHEREFORE,** the Appellant states that if this U.S. Court of Appeal deems that this request for an emergency stay order of trial proceedings is warranted and relief could be given until this U.S. Court of Appeal could rule on the Constitutional violation of Robert Hill, for as, to allow this trial to continue will only cause further irreparable and irrevocable harm to the Appellant.

Respectfully Submitted,

Robert L Hill

Robert Hill

ENCLOSURES:

EXHIBITS A, B, D, E, F, G,