UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. S1-4:17CR00310 RLW |
| ) | |
| ROBERT HILL, a/k/a "Robbie," "Frijol," ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT HILL'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**

COMES NOW the United States of America, by and through the United States Attorney for the Eastern District of Missouri, Jeffrey B. Jensen, and Tiffany G. Becker, Assistant United States Attorney for said District, and for the reasons set forth below, opposes defendant Robert Hill's objections to the Presentence Investigation Report.

After a seven-day trial, defendant Hill was convicted by a jury on September 16, 2020 of conspiracy to distribute and possess with intent to distribute more than one kilogram of heroin and more than 500 grams of cocaine (Count I) and being a felon in possession of a firearm (Count II). The United States Probation Office has filed its Presentence Investigation Report (PSR), in which it correctly concludes that the statutory range of punishment on Count I is imprisonment of not less than ten years-life and imprisonment of not more than ten years on Count II. The PSR also correctly calculates the total offense level for Hill's offense at 43, and Hill's criminal history category at II, resulting in a recommended guideline range of life imprisonment.

1

Hill, acting pro se, has filed his objections to the Presentence Report in this case. Doc. 464. Therein, defendant Hill raises various arguments related to the application of the sentencing guidelines and the factual matters relayed in the report. Moreover, Hill attempts to re-raise legal arguments that have previously been rejected by this Court on multiple occasions. Because the report accurately sets forth the facts proven at trial, properly applies the correct applicable total offense level to those facts, appropriately determines the right criminal history category corresponding to defendant's earned criminal history points, all of Hill's objections are without merit and should be overruled.

**<u>Objection – Paragraph 1</u>**

In paragraph one of his filing, defendant objects to paragraph 44 of the PSR, which reports that Counts I and II are grouped for guideline calculation purposes pursuant to U.S.S.G. § 3D1.2(d). Here, the conduct proved at trial shows that the harm is measured by the quantity of controlled substances involved in the drug conspiracy and defendant's possession of firearms throughout that conspiracy. Section 3D1.2(d) provides for the grouping of offenses, "[w]hen the offense level is determined largely on the basis of the total amount of harm or loss, the quantity of a controlled substance involved, or some other measure of aggregate harm, or if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior." Here, U.S.S.G. § 2D1.1's guideline recognizes the drug quantity and the possession of firearms in connection with those drugs. Moreover, offenses covered by § 2D1.1 (drug conspiracy) and § 2K2.1 (felon in possession of a firearm) are expressly listed in § 3D1.2 as offense that group.

**<u>Objection – Paragraph 2</u>**

Next, Hill raises a challenge to the offense level computation based on his assertion that "it has never been established that Defendant has ever caused any harm or loss to the Plaintiff, in which is the UNITED STATES OF AMERICA." Doc. 464 at ¶ 2. In apparently blending concepts of criminal and civil law, defendant requests the United States to "state[] their claim for the record that said injuries to Plaintiff were caused by the Defendant." As the Court is aware, this is a criminal case brought by the United States against defendants for violations of 21 U.S.C. § 846 and 18 U.S.C. § 922(g), thus invoking this Court's jurisdiction under 18 U.S.C. § 3231. The "harm" against the United States is violation of criminal law. There is no requirement that the United States allege a particularized harm or loss. That said, the evidence at trial proved defendant's involvement in the trafficking of an enormous amount of heroin over the course of the conspiracy, the distribution of which did untold harm to the community. The specific victims or precise of amount of societal and environmental harm is not known and therefore paragraph 40 of the PSR is accurate.

**Objection – Paragraphs 3-8**

In paragraphs 3-8 of his filing, Hill takes issue with the calculations made under § 2D1.1, namely the base offense level and the addition of two levels assessed pursuant to § 2D1.1(b)(1) because defendant possessed a dangerous weapon or firearm. As for the calculation of the base offense level, paragraph 44 of the PSR appropriately assesses a level 38. The evidence presented at trial proved (well beyond a preponderance of the evidence) that the offense involved 90 kilograms or more of heroin and at least 500 grams of cocaine. The 90 kilogram heroin figure is a conservative estimate based on a number of factors; however, defendant's recorded statements during the "reverse" operation alone satisfy this threshold. In Government's Exhibit 29A & B,

Hill told the Confidential Source when he is getting proper "cars" (kilograms of heroin), he usually does "three a week." Additionally, Hill told the Undercover Officer that he and Guero "had been doing perfect for a whole year." Three kilograms a week for a year is 156 kilograms of heroin. Ninety kilograms of heroin is a conservative estimate that is wholly substantiated not only be defendant Hill's statements, but by the July 31, 2013 seizure of $60,701 from Duncanson, the August 9, 2013 seizure of $43,000 from Ramirez & Peregrina, and the February 19, 2016 seizure of $77,738 from Hill as well as the information in the drug ledgers and cell phones seized from him on that date. Additionally, the testimony of Gabino Aguirre as corroborated by the physical surveillance and court-authorized wiretaps substantiate this amount.

Defendant Hill also objects to factual recitations regarding activity by Gabino Aguirre and Jorge Peralta. This activity is properly included as these individuals were part of the same conspiracy as Hill.

Hill also maintains that the guns seized from him the Criterion address on May 23, 2013 cannot substantiate a two-level increase for possession of dangerous weapons under § 2D1.1(b)(1). The two-level increase is appropriate for these weapons, which the jury found were possessed by defendant Hill by convicting him beyond a reasonable doubt during the course of the charged conspiracy. Additionally, there was repeated testimony regarding the strong odor of marijuana at the residence on that date. However, the evidence of Hill's possession of firearms in connection with his drug trafficking conspiracy was not limited to weapons possessed on May 23, 2013. Ample evidence demonstrated that Hill regularly possessed numerous firearms at places he resided and where he conducted receipts of heroin

4

shipments and where he counted money which was the proceeds of his heroin sales. This included the "haunted house" on Duke as well as other locations.

Possession of "a dangerous weapon (including a firearm)" is a specific offense characteristic warranting a two-level increase in sentencing for a drug-trafficking offense. USSG § 2D1.1(b)(1). "The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." § 2D1.1, comment. (n.11(A)). Under the advisory guidelines' relevant conduct principles, "§ 2D1.1(b)(1) may be applied based on a co-conspirator's reasonably foreseeable possession of a firearm in furtherance of jointly undertaken criminal activity." *United States v. Sterling*, 942 F.3d 439, 443 (8th Cir. 2019). The evidence here clearly establishes that Hill himself regularly possessed firearms to protect drug proceeds and therefore the two-level enhancement is more than justified. Many of those weapons were actually seized. *See, e.g.,* Government's Exhibits 9A (series), 48, 49, 52, 53. Additionally, several co-conspirators also carried firearms, including but not limited to Demond Williams and Shawn Fields (before his murder).

**Objection – Paragraph 9**

Hill contests the application of a four-level increase to the offense level pursuant to U.S.S.G. § 3B1.1(a) as a result of his aggravating role in the offense as an organizer or leader of the criminal activity, which involved five or more participants. This enhancement is amply supported by the evidence presented at trial.

> A district court should consider various factors when deciding if a role enhancement is applicable. These factors include: "the exercise of decision making authority, the nature of participation in the commission of the offense, ... the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over

5

>others." *United States v. Garcia*, 512 F.3d 1004, 1005 (8th Cir. 2008)
>(quoting U.S.S.G. § 3B1.1 cmt. n.4).

*United States v. Zambrano*, 971 F.3d 774, 781 (8th Cir. 2020). "A 'participant' is a person who is criminally responsible for the commission of the offense, but need not have been convicted." USSG § 3B1.1 cmt. (n.1) (2016). *United States v. Keleta*, 949 F.3d 1082, 1093 (8th Cir. 2020).

Here, the evidence showed that the criminal activity involved far more than five participants. Defendant Hill, Gabino Aguirre, Shawn Fields, Faustino Benitez-Lopez (Cocho), Gustavo Bentiez-Beltran, Demond Williams, not to mention several others. Defendant Hill's leadership was also amply demonstrated. Crucially, "the defendant must have been the organizer [or] leader … of one or more other participants." *Zambrano*, 971 F.3d at 781. Here, Hill served in a leadership capacity over at minimum: Shawn Fields, directing him to bring him heroin; Gabino Aguirre, directing him to reach out to the Mexican sources of supply and coordinate deliveries of product; Demond Williams, sending him to the hotel to complete the purchase of three kilograms of heroin. Therefore, the four-level enhancement is proper.

**Objection – Paragraph 10**

Hill also objects to paragraphs 64, 66, and 68 of the PSR, which impose three criminal history points resulting from his prior convictions. He offers no legal or other reason for his objection. The Probation Office properly described and assessed points for the convictions in these paragraphs as set forth in the Addendum to the PSR at pages 5-6.

**Objection – Paragraphs 11-15**[1]

---

[1] The Probation Office correctly notes that Hill's objection to the time frame of the conspiracy has been remedied in the final report and therefore is moot. *See* Amendment to PSR at 1-2.

Hill purports to object to the "WHOLE" Presentence Investigation Report reiterating his objections the calculation of the total offense level and criminal history category, and then raising evidentiary and legal arguments that have been repeatedly denied. For the reasons stated above, the Probation Office's guidelines calculations are entirely correct.

Hill's attempt to argue evidentiary points related to coconspirator statements, the definition of a felony for purposes of § 922(g) and unsupported attacks on the credibility of the wiretap affidavits are misplaced and cannot be raised at this procedural phase of the proceedings.

**Objection – Paragraph 16**

Finally, Hill "ESPECIALLY" objects to the government subrogation to take possession manage of his name and disposition of any COURT BOND(S)/CUSIP NO….and any and all bonds attached thereto included ….. hold, and manage my real estate and all other Negotiable Instruments." Doc. 464 ¶ 16. The Government has no idea to what Hill is referring. He attaches to his pleading documents which appear to suggest he owns more than 13 billion dollars in JPMorgan US Equity A Fund and more than three billion dollars in PELBX. The Government has no knowledge of these purported funds; however, if Hill possesses anywhere near these types of assets, the United States would request the Court order a statutory maximum fine.

WHEREFORE, for all the foregoing reasons, defendant Hill's objections should all be overruled or denied as moot.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

*/s/ Tiffany G. Becker*
TIFFANY G. BECKER, #46314MO
Assistant United States Attorney
111 S. Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2020, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon standby counsel of record for defendant Hill and on today's date will be sent via First-Class U.S. Mail, postage prepaid, to:

Robert Hill
46913-044
Crawford County Jail
212 3rd St.
Steelville, MO 65565

*s/ Tiffany G. Becker*
TIFFANY G. BECKER, #46314MO
Assistant United States Attorney